Thomson, J.,
delivered the opinion of the court.
Barth Brothers brought suit in La Plata county against M. R. Shields for goods sold and delivered. A writ of attachment was issued in the cause, and the board of commissioners of La Plata county summoned as garnishee. During the pendency of the suit the cause of action was assigned to the plaintiff in error, and he substituted in place of the original plaintiffs. Judgment was given against Shields, and the cause went by appeal to the district court of the same county, where judgment was again rendered against him. In the district court the defendant in error appeared, and moved to dismiss the garnishment proceedings against it on the ground, among others, that proceedings in garnishment cannot be had against a county. The motion was sustained, and final judgment rendered in favor of the garnishee, from which the plaintiff has prosecuted error.
Several questions are discussed by counsel, but the only one which we deem it necessary to consider is whether, in this state, a county is subject to garnishment. The reports contain a large number of cases in which the question of the liability of counties and municipal corporations to garnishment has been decided; but there is such a disagreement *381 among them, even where the statutes construed were similar, that we are unable to make any use of them in this discussion. Besides, the conclusions reached in each case are drawn from local statutes, and in none of them was the condition of the statutory law affecting the question the same as in this state.
Section 119 of the code of 1887 provides for process in garnishment as follows: “ Whenever in any action pending in any court of record, a writ of attachment has been issued and delivered to the proper officer, and the officer after diligent search shall not be able to find property of the defendant sufficient to satisfy the claim of plaintiff, the officer shall upon the request of plaintiff, his agent or attorney, summon such person or persons as the plaintiff may direct as garnishees to appear before the court wherein such action is pending.” Section 442 contains this provision : “ In the construction of this act the following rules shall be observed when consistent •with the context. * * * The word ‘ person ’ extends to bodies politic and corporate.” The following has always been a part of our statutory law: “Each organized county * * * shall be a body corporate and politic, and as such shall be empowered for the following purposes: First, to sue and be sued. * * *” Rev. Stats., 1868, p. 167 ; Gen. Stats., 1883, p. 254. An argument of counsel, based upon these several statutes is, that as any person is subject to garnishment, and as the word “ person ” extends to bodies corporate and politic, and as counties are bodies corporate and politic, therefore counties are subject to garnishment. Upon its face, this argument seems plausible; but, for reasons which we shall proceed to give, we must withhold our assent from the conclusion reached.
The attachment law in force in 1868 provided as follows: “ Sec. 12. When the sheriff shall be unable to find property of any defendant, sufficient to satisfy any attachment issued under the provisions of this chapter, he is hereby required to summon all persons within his county, who may be named in the writ, or whom the creditor shall designate as having *382 any property, effects or choses in action, in their possession or power belonging to the defendant, or who are in anywise indebted to such defendant, to appear before the court to which the writ is returnable, on the return day of the attachment, then and there to answer, upon, oath, what amount they are indebted to the defendant in the attachment, or what property, effects or choses in action he or she had in his or her possession or power, at the time of serving the attachment ; the person or persons so summoned shall be considered as garnishees, and the sheriff shall state in his return the names of all persons so summoned, and the date of service on each.” Rev. Stats., 1868, p. 57. At the same time the following statute was in force: “ Sec.' 1. In the construction of all statutes, the following rules shall be observed, unless such construction shall be manifestly inconsistent with the intent of the legislature, or repugnant to the context of the same statute, that is to say: * * * Eighth. The word ‘ person ’ may extend and be applied to bodies politic and corporate. * * *” Rev. Stats., 1868, p.588. The statutory law, in 1868, affecting the question under discussion, was therefore substantially the same as under the code of 1887; and if the counsel’s reasoning, as applied to that code, is sound, it would be equally so as applied to the law of 1868. But in the case of Commissioners v. Bond, 3 Colo. 411, which was decided while the law of 1868 was in force, it was held that counties were not subject to garnishment under that law. A change was introduced into the then existing law by the code of 1877, which provided as follows: “Sec. 101. Upon receiving information in writing from the plaintiff or his attorney, that any person has in- his possession, or under his control any credits or other personal property belonging to the defendant, or is owing any debt to the defendant, the sheriff shall serve upon such person a copy of the writ, and a notice that such credits or other property or debts, as the case may be, are attached in pursuance of such writ, and every municipal or other corporation or quasi corporation, sheriff or other officer or trustee shall be liable to garnish *383 ment under the provisions of this chapter.” It has never been questioned that, by virtue of this section, counties were liable to the process of garnishment. But it was also provided, by section 445 of the same code, that the word “ person,” as used in the act, should extend to bodies politic and corporate; and counties were then, as they had been before, and now are, bodies corporate and politic. The fact that, after providing for the garnishment of persons, the legislature deemed it necessary, in order that municipal and quasi corporations should also be liable to the process, to mention them specially by name, is certainly some evidence that the legislature did not regard the word “person ” as extending to them, and that the words “bodies politic and corporate,” as used in.the act, were not intended to refer to that class of corporations. ' This may not be entirely conclusive of the question, but we think that all doubt which might otherwise exist as to the legislative intent is removed by the act of April 10, 1891. That act is as follows: “Seo. 1. That all municipal corporations shall be subject to garnishment upon writs of attachment and execution in the same manner that private corporations and persons are now, or may hereafter be, subject to garnishment under such writs.” Sess. Laws, 1891, p. 234. Tbe code of 1877 had been supplanted by that of 1887, which is the present code, and which provided for the garnishment of persons only. The statute of 1891 extended the liability in garnishment to municipal corporations ; thus clearly indicating that the legislature did not regard municipal corporations as subject to garnishment under the code of 1887, and that the word “person,” as there used, did not include them. It is further apparent from that act that the legislature regarded the words “ bodies corporate and politic,” used in the code, as applicable only to private corporations. The object to be attained in the construction of any statute is the intention of the legislative body which enacted it. For the purpose of finding such intention, all acts in pari materia must be considered together, whether they are acts in force, or acts which have been repealed; *384 and, pursuing this method of interpretation, we are led to the conclusion that garnishment of municipal and quasi corporations was not authorized by the code of 1887.
But here we are met by the contention put forward by counsel, that the term “ municipal corporations ” includes counties, and that, therefore, by the express terms o£ the act of 1891, counties are subject to garnishment. There has sometimes been a loose and indiscriminate use of that term in speaking of cities, towns, and counties, in cases where it was not disputed that some particular law which was the subject of construction applied equally to all of them; and, in determining the sense in which the term is employed in the act of 1891, cases where it is loosety used, or even misapplied, the facts not calling for critical accuracy in that respect, are of no assistance whatever. We are referred to sections 7 and 8 of article 10 of the constitution, where the words “ county, city, town or other municipal corporation ” are used; but the word “other” does not necessarily refer back to the word “ county.” No violence would be done to the language employed, if the word should be confined, in its reference, to the words “cities ” and “towns;” and, if it is important to know what meaning the makers- of the constitution attached to the words “ municipal corporations,” as used in that instrument, an examination of section 13, art. 14, will, we think, be satisfactory. It seems clear, from that section, that the words were intended to be limited, in their application, to cities and towns. But it is the legislative meaning of the words which it is important to know, and, to ascertain that, we must avail ourselves of the usual means employed in the construction of statutes. Counties are classified by all writers upon the subject as “ quasi corporations,” in contradistinction to “ municipal corporations.” The distinction between these two classes of public corporations is very clearly drawn by Mr. Dillon in section 23 of his work on Municipal Corporations, and we think a careful examination of the attachment and garnishment laws which have been enacted in this state will make it apparent that the leg *385 islature did not intend to confound them. In the absence of anything indicating a contrary intention, it must be presumed that terms employed in a legislative enactment are used according to the definition placed upon them by the standard authorities. Mr. Dillon says that a municipal corporation, in its strict and proper sense, is a body politic and corporate, constituted by the incorporation of the inhabitants of a city or town for the purposes of local government thereof. 1 Dill. Mun. Corp., secs. 19, 22. There is nothing in the act of 1891 itself from which it could be inferred that the words “ municipal corporations ” were intended to have any other than their generally accepted meaning; but, when we refer back to the prior legislation upon the same subject-matter, it becomes clear that in using the words the legislature had in contemplation only cities and incorporated towns. In the code of 1877, from which we have quoted, municipal corporations and quasi corporations are separately mentioned, in such way as to clearly indicate that they were -intended to designate different classes of public corporations. If the two were equally “ municipal corporations,” that term alone should have been employed, as including both; but the fact that, in order to render quasi corporations subject to garnishment, it was deemed' necessary to specify them as such, thus distinguishing between them and municipal corporations proper, makes it entirely evident that quasi corporations were not intended to be included in the term “ municipal corporations.” The code of 1887, in providing for liability to process in garnishment, omitted municipal and quasi corporations, and restricted the liability to persons; restoring the law of 1868, under which neither municipal corporations nor counties were subject to garnishment. Then came the law of 1891, which reenacted the code provisions of 1877 as to municipal corporations, but still omitted quasi corporations. As, under that code, it was deemed necessary, for the purpose of subjecting quasi corporations to garnishment, to give them mention distinct from municipal corporations, the fact of their omission from the act of 1891 is conclusive that *386 it was not intended to restore their liability. It is therefore our opinion that, in the present state of the law, counties are not subject to garnishment.
There was no waiver of the county’s exemption from garnishment. The county clerk answered the interrogatories accompanying the writ, but in so doing he acted in the character of a witness, merely, and did not represent the county. The county’s first appearance was by the county attorney, when he moved to dismiss the proceedings in garnishment. Commissioners v. Bond, supra. The judgment was correct, and will be affirmed.

Affirmed.